UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-127-RLV
(5:09-cr-23-RLV-DCK-1)

| | |
|---|---|
| MURRAY PIAIR HALEY, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, (Doc. No. 1). For the reasons that follow, Petitioner's motion to vacate will be denied, and the § 2255 petition will be dismissed.

**I. BACKGROUND**

Petitioner was indicted on April 22, 2009, and charged with distributing at least five grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Criminal Case No. 5:09cr23, Doc. No. 1: Indictment). On August 15, 2009, the Government filed a notice pursuant to 21 U.S.C. § 851, notifying the Court and Petitioner that it intended to rely on a prior state court conviction for the purpose of enhancing Petitioner's sentence. (Id., Doc. No. 15: Information Pursuant to 21 U.S.C. § 851). Specifically, the § 851 notice listed Petitioner's state court conviction on December 8, 2005, in Iredell County, North Carolina, for selling cocaine, in case number 05crs059165. (Id.). Petitioner received a sentence of 13-16 months of imprisonment for that conviction. (Id., Doc. No. 21 at 7: PSR).

On September 22, 2009, Petitioner pled guilty in this Court, pursuant to a written plea

1

agreement, to the count as charged in the indictment.  (Id., Doc. No. 16 at 1: Plea Agreement; Doc. No. 17: Acceptance and Entry of Guilty Plea; Doc. No. 23: Judgment).  As part of the written plea agreement, Petitioner waived the right to bring any claims in a post-conviction challenge, except for claims of ineffective assistance of counsel or prosecutorial misconduct.  (Id., Doc. No. 16 at 20: Plea Agreement).

Before sentencing, Petitioner was designated as a career offender under U.S.S.G. § 4K1.1.  See (Id., Doc. No. 21 at 5).  Petitioner's Guidelines range of imprisonment, based on a total offense level of 34 and a criminal history category of VI, was 262-327 months.  (Id. at 12).  Petitioner was further subject to a mandatory sentence of 120 months based on his career offender status.  (Id.).  On July 19, 2010, this Court sentenced Petitioner to 120 months of imprisonment.  (Id., Doc. No. 23: Judgment).  Petitioner did not appeal.

Petitioner placed the motion to vacate in the prison mail system on or around August 16, 2012, and it was stamp-filed in this Court on August 20, 2012.  In his motion, Petitioner contends that he is entitled to relief under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

## II.   STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

A. Relief under 28 U.S.C. § 2255

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Here, judgment against Petitioner was entered on July 23, 2010, and Petitioner did not appeal. His conviction therefore became final fourteen days after judgment was entered. See FED. R. APP. P. 4(b). Petitioner placed the motion to vacate in the prison system for mailing on or around August 16, 2012, and it was stamp-filed in this Court on August 20, 2012. Thus, the § 2255 petition is untimely under § 2255(f)(1), and neither of the other subsections applies to render the petition timely. In any event, even if the petition were timely, Petitioner is not entitled to Simmons relief because Petitioner received a sentence of more than one year for the state court felonies that were used to qualify Petitioner as a career offender. That is, Petitioner received an 11-14 month suspended sentence for his May 19, 2004, conviction in Iredell County Superior Court for selling cocaine, and he received a 13-16 month sentence for his December 8, 2005, conviction in Iredell County Superior Court for selling cocaine. Thus,

3

contrary to Petitioner's contention, he did receive a sentence of more than one year for both of the state court felonies used to qualify him as a career offender for purposes of enhancing his sentence. Petitioner asserts that because he received only a suspended sentence for his 2004 conviction, the conviction was not a predicate felony under Simmons. The fact that Petitioner may not have served custodial time for the 2004 conviction is irrelevant to a Simmons inquiry. See United States v. Thompson, No. 11-5059, 2012 WL 1592991, at *2 (4th Cir. May 8, 2012) (per curiam) (unpublished) (rejecting the petitioner's argument that Simmons did not apply to a suspended sentence). Thus, even if the petition were timely, Petitioner would still not be entitled to Simmons relief.[1]

In addition to the fact that the § 2555 petition is time-barred and without merit, Petitioner's Simmons claim is subject to dismissal because Petitioner waived his right to bring this challenge in his plea agreement. As noted, Petitioner waived the right to bring all claims in a post-conviction proceeding except for ineffective assistance of counsel or prosecutorial misconduct. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished)

---

[1] The Court further notes that, by Petitioner's own assertion in his objection to the PSR, even without the career offender enhancement, Petitioner would still have been subject to a guidelines imprisonment range of 110 to 137 months. See (Id., Doc. No. 21 at 16). Petitioner's sentence of 120 months was within this guidelines range.

4

(same).

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. See (Criminal Case No. 5:09cr23, Doc. No. 16: Plea Agreement). The § 2555 petition does not present either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, Petitioner's motion to vacate would be subject to dismissal for this additional reason even if it were not time-barred.

### IV.  CONCLUSION

In sum, for the reasons stated herein, Petitioner's § 2255 motion is untimely and without merit, and the petition will therefore be dismissed.[2]

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion, (Doc. No. 1), is **DENIED** and the petition is **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a

---

[2] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. The Court will not require Petitioner to submit a brief as to the timeliness issue because the petition is without merit regardless of timeliness. The Court further observes that Petitioner has not signed the petition under penalty of perjury. The Court will not require Petitioner to resubmit the petition signed under penalty of perjury because to do so would be a futile exercise.

constitutional right.  28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: January 3, 2014

Richard L. Voorhees
United States District Judge